**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT L. DORMINEY,

        Plaintiff,

vs.                                    Case No. 3:04-cv-189-J-32HTS

JAMES CROSBY, Secretary,
Florida Department of Corrections,

        Defendant.

## **ORDER**[1]

This case comes before the Court on Defendant James Crosby's ("Crosby") Motion To Dismiss. (Doc. 43-1.) Crosby, who at times pertinent, was the Secretary of the Florida Department of Corrections, seeks to have dismissed Plaintiff Robert L. Dorminey's ("Dorminey") civil rights lawsuit for compensatory and punitive damages, arising out of Dorminey's alleged incarceration for forty days beyond the expiration of his sentence. Dorminey has sued Crosby in his individual capacity. He has filed a response to Crosby's motion to dismiss. (Doc. 44.) For the reasons set forth herein, Dorminey's amended complaint (Doc. 39) is dismissed without prejudice with leave to amend.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

**I.     Allegations of the Amended Complaint**

Dorminey, proceeding *pro se* in this case, is a former inmate of the Florida Department of Corrections. (Doc. 39.)  Dorminey filed a civil rights complaint[2] pursuant to 42 U.S.C. § 1983,[3] alleging that he was held in prison beyond the expiration of his sentence. Specifically, Dorminey alleges that pursuant to a decision of the Florida District Court of Appeal for the Second District, his state court case was remanded to the Florida Circuit Court for consideration of his motion to correct

---

[2]     Dorminey's initial complaint named as defendants Crosby and the Florida Parole and Probation Commission ("Commission").  (Doc. 1.)  The Court dismissed the claim against the Commission without prejudice for failure to perfect service of process.  (Doc. 29.)  Thereafter, Dorminey filed an amended complaint, naming only Crosby, in his individual capacity, as defendant.  (Doc. 39.)

[3]     While he does not specify in his amended complaint that his action against Crosby is being brought pursuant to 42 U.S.C. § 1983, Dorminey does allege that his "Constitutional right to Life, Liberty, and the pursuit of Happiness" was violated. (Doc. 39 at 3.)  In Dorminey's response to Crosby's first motion to dismiss, which Dorminey incorporated into his opposition to the pending motion, Dorminey discusses when "a supervisory official may be held liable under section 1983." (Docs. 44, 40 at 2.)  See generally Lee v. Dagger, 902 F.2d 822 (11th Cir. 1990)(inmate's suit against Secretary of Department of Corrections for damages for being incarcerated for longer than sentence brought pursuant to 42 U.S.C. § 1983); Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980)(plaintiff who alleged he was imprisoned thirty days beyond his sentence asserted *prima facie* case under 42 U.S.C. § 1983).  Because *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and liberally construed, Kroger v. Florida, 130 Fed. Appx. 327, 332 (11th Cir. 2005)(citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)), cert. denied, __S.Ct. __, 2006 WL 152011, 74 U.S.L.W. 3423 (Jan. 23, 2006), the Court construes Dorminey's claim as being brought pursuant to 42 U.S.C. § 1983.

an illegal sentence based upon his claim for prison credit time.  (Doc. 39 at 2.)  See Dorminey v. State, 837 So.2d 528 (Fla. 2d DCA 2003)(Doc. 1 at 8-9).  Dorminey alleges that on April 23, 2003, Florida Circuit Court Judge Chet A. Thorpe

> issued an Order to the Florida Department of Corrections for the immediate release of the Plaintiff, the Department of Corrections disobeyed the Lawful Court Order and would not release the plaintiff as ordered.
>
> On May 12th, 2003, the Honorable Judhe [sic] Thorpe issued another Order to the Florida Department of Corrections for the release of the Plaintiff Nunc Pro Tunc to the first Order of . . . April 23, 2003, nonetheless the Florida Department of Corrections still refused to release the Plaintiff as ordered and illegally held him against his will for 40 days. (Doc. 39 at 2; see Doc. 1 at 10 (May 12, 2003 Order).)

Dorminey sues only Crosby, the Secretary of the Department of Corrections, "in his individual capacity for the failure to train his subordinates how to obey a lawful court Order" in violation of Dorminey's constitutional rights.  (Doc. 39 at 3.)

Defendant Crosby, in his motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), contends that (1) the amended complaint fails to state a claim upon which relief can be granted; and, (2) that Crosby is entitled to qualified immunity.

**II.    Legal Standard**

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts" which would entitle him to relief, Conley v. Gibson, 355 U.S. 41, 45-46 (1957), or when its allegations,

on their face, show that an affirmative defense bars recovery on the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations of the complaint should be accepted and construed in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Cannon v. Macon County, 1 F.3d 1558, 1565 (11th Cir.), modified on other grounds, 15 F.3d 1022 (11th Cir. 1994). To satisfy the pleading requirements of Rule 8, Federal Rules of Civil Procedure, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. Kroger v. Florida, 130 Fed. Appx. 327, 332 (11th Cir. 2005)(citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)), cert. denied, __S.Ct.__, 2006 WL 152011, 74 U.S.L.W. 3423 (Jan. 23, 2006). However, even with *pro se* litigants, "'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal'" under Rule 12(b)(6). Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1246 (11th Cir. 2005)(citation omitted); see also Kroger, 130 Fed. Appx. at 332 (citing Marsh v. Butler County, Ala., 268 F.3d at 1036 n.16).

**III.     Discussion**

To state a claim under 42 U.S. C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).  In addition, the plaintiff must allege and establish an affirmative causal connection between the defendant's official acts or omissions and the constitutional deprivation.  Williams v. Bennett, 689 F.2d 1370, 1380-81 (11th Cir. 1982).

Dorminey's amended complaint alleges that he was incarcerated 40 days beyond his proper release date by the Department of Corrections (indisputably alleging "under color of state law") in violation of his constitutional rights.  The constitutional right implicated is Dorminey's right to substantive due process, guaranteed by the 14th Amendment.  Detention of a prisoner beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process.  Cannon, 1 F.3d at 1562-63; Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980)[4]; McCurry v. Moore, 242 F. Supp.2d 1167, 1178-79

---

[4]     In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(N.D. Fla. 2002).[5]

It is with the causation element of a Section 1983 claim - which requires a causal connection between the defendant's conduct and the alleged constitutional violation - that Dorminey's amended complaint falls short.

Supervisory personnel, such as Crosby, cannot be held vicariously liable under Section 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. E.g., Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990). A supervisor may, however be independently liable under Section 1983. Greason, 891 F.2d at 836. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation. Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at * 2 (11th Cir. Oct. 17, 2005)(citing Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)); Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004); Brown, 906 F.2d at 671. "'[W]hen individuals are being sued in individual capacities for damages for personal injuries,

---

[5] Other Circuits have held that imprisonment beyond the expiration of a prisoner's sentence violates the eighth amendment's proscription against cruel and unusual punishment. See e.g., Davis v. Hall, 375 F.3d 703, 714 (8th Cir. 2004)(citing cases); Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985); McCurry, 242 F. Supp.2d at 1179-80 (citing cases).

the causation inquiry must be more refined and focused than that undertaken . . . where only declaratory and injunctive relief [are] sought for constitutional violations pervading an entire prison system.'" Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)(citing Williams, 689 F.2d at 1383).

A causal connection can be established when a history of widespread violations "puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so." Brown, 906 F.2d at 671.

> The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. In addition, the causal connection may be established and supervisory liability imposed where the supervisor's improper custom or policy . . . result[s] in deliberate indifference to constitutional rights.

Sanders, 2005 WL 2640979, at * 2 n.4 (citing Hartley, 193 F.3d at 1269), or when "'facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" Miller, 384 F.3d at 1261 (citation omitted). "'The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous.'" Cottone v. Jenne, 326 F.3d 1352, 1360-61 (11th Cr. 2003).

Dorminey's amended complaint alleges that Crosby should be held personally liable "for the failure to train his subordinates how to obey a lawful court Order." (Doc. 39 at 3.) A supervisor may be liable for failing to train subordinates. "In such

case, the liability is not based on *respondeat superior* but because the supervisor's own actions or inactions caused the harm." McCurry, 242 F. Supp.2d at 1177. "A claim concerning an isolated incident is generally insufficient to sustain a claim for failure to train because those officials who are responsible for creating a policy must be on notice of the constitutional deficiencies." Id. at 1177 (citing Eleventh Circuit cases). "Unless a policymaker knows of the need to train an officer in a particular subject area, no liability can arise from failure to train him." Marsh v. Butler County, Ala., 268 F.3d at 1037.

While the Court recognizes that a *pro se* complainant is at a disadvantage ascertaining facts and the proper person to sue, Dorminey's amended complaint fails to allege any facts whatsoever setting forth any causal connection between Crosby's alleged failure to train, and Dorminey's alleged constitutional deprivation which would give rise to liability on the part of Crosby. The amended complaint is devoid of any allegation that Crosby personally participated in Dorminey's prolonged detention, or was aware of it. Nor does it allege any history of similar and widespread constitutional violations, which would have put Crosby on notice of the need to correct it. See Sanders, 2005 WL 2640979, at * 2 n.4; Brown, 906 F.2d at 671. Instead, the allegations of the amended complaint allege no more than a single isolated incident of illegal detention beyond the expiration of a court-ordered sentence, with nothing to show that Defendant Crosby, as secretary of the entire

Department of Corrections, should have been on notice of the need for improved training and supervision that could have averted it. "[N]o inferences can be reasonably drawn to make up for the missing facts." Marsh, 268 F.3d at 1037.

Because the amended complaint fails to establish the necessary causal connection between Crosby's alleged acts or omissions and any constitutional violation, even viewing the facts alleged in the light most favorable to the plaintiff, the amended complaint fails to state a cognizable claim under 42 U.S.C. § 1983, and should be dismissed. See Cottone, 326 F.3d at 1362.[6]

For the foregoing reasons, and upon due consideration, it is hereby **ORDERED:**

1. Defendant Crosby's Motion To Dismiss (Doc. 43-1) is **GRANTED** and Plaintiff Dorminey's Amended Complaint (Doc. 39) is **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND.**

---

[6] Because the Court has determined that the allegations of the amended complaint fail to state a claim for relief under 42 U.S.C. § 1983, the Court does not reach question of qualified immunity. "'Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known. Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005)(citation omitted). A qualified immunity analysis of whether defendant Crosby's alleged failure to train staff rises to a level of deliberate indifference of Dorminey's constitutional rights, is similar the Section 1983 causation analysis. See Greason, 891 F.2d at 836-37; Frausto v. Picklo, No. 3:04cv894-J-16TEM, 2005 WL 1026054, at * 5 (M.D. Fla. April 26, 2005).

2. Plaintiff Dorminey may file a Second Amended Complaint, no later than **March 17, 2006.**

**DONE AND ORDERED** at Jacksonville. Florida, this 17th day of February, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

j.
Copies to:

Plaintiff, pro se
Counsel of Record